## J. W. BERRY v. COMMONWEALTH.

**Criminal Law—Arrest of Judgment—Neglect of Children—Sufficiency of Indictment.**

The only grounds on which a judgment can be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the courts. Second. An indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. Third. The indictment is fatally defective because there is no allegation that the children were in the custody and control of the father, or unable by reason of their tender years to provide food and clothing for themselves.

**Assault—Sufficiency of Indictment.**

An indictment for assault is defective where it fails to allege that the person assaulted was in striking distance of the person making the assault.

**Gaming—Indictment.**

An indictment against one for suffering gaming in his house is defective where it fails to allege that at the time of the gaming the house was in the occupation or under the control of the party charged with the offense

APPEAL FROM BOURBON CIRCUIT COURT.

January 5, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

This is an indictment against J. Wesley Berry in which he is charged with being guilty of inhuman treatment to his family as follows, viz: *"The said J. Wesley Berry on the 21st day of October, 1870, in the county aforesaid unlawfully and inhumanly neglected to furnish sufficient food and clothing for his children, they being under age, as well as to provide medical attendance and medicines for the same, he being amply able to do the same, against the peace and dignity of the Commonwealth of Kentucky."*

The appellant plead not guilty to the indictment, and upon this issue, the jury returned a verdict against him for seven hundred dollars. The appellant then made his motion in arrest of judgment, and this motion was overruled to which he excepted, &c. The refusal to arrest the judgment is the material question in the case and will alone be considered. The only ground upon which a judgment shall be arrested is "that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the Court," Sec. 271 Crim. Code.

An indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, Sec. 121 Crim. Code. The indictment is fatally defective. There is no allegation that the children were in the custody and control of the father, or unable by reason of their tender years to provide food and clothing for themselves. Because the child is under age it does not necessarily follow that he is either in the custody, care and control of the parent or unable to provide food and clothing suitable to his or her condition in life. There is no statement in the indictment that the child or children required medicine, or that they were destitute or suffered for the want of either food, clothing or medicine. If the father refused to provide food and clothing for his children, and they were furnished out of their own means, or rendered comfortable by others, the father is not sub-

ject to an indictment. A mere statement in an indictment that the father refused to provide food and clothing for his child, is not equivalent to an allegation that the child thereby suffered from cold or hunger. If the indictment can be maintained (and this question is not now before us) the Commonwealth must not only allege the want of parental kindness and care, but also the injury resulting to the child or children by reason of this inhuman treatment. A person of common understanding, as insisted by the attorney for the Commonwealth, would know what was intended and meant by the statement 'that the appellant refused to provide for and clothe his children, and whilst we concur with him in this suggestion, still the provision of the Code, to which the attention of the court has been called, not only requires that the language of the indictment shall be so plain as to enable a person of common understanding to know what is intended, but also makes it essential that the indictment must contain a statement of the acts constituting the offense, and of course means a public offense. If in an indictment for an assault, it is alleged that A assaulted B it would be understood that an assault was made, but this statement does not present facts constituting an offense for the reason that the indictment fails to state that the person assaulted was within striking distance of the person making the assault, or in an indictment against one for suffering gaming in his house with cards, &c., this is not sufficient because the acts alleged, do not constitute a public offense, and to make the indictment in such a case good, it must allege that at the time of the gaming the house was in the occupation or under the control of the party charged with the offense. We are of the opinion that the accusations contained in the indictment against the appellant, do not constitute a public offense. The judgment of the court below is reversed and cause remanded with directions to dismiss the indictment.

*McMillan, for appellant.*